The Honorable Salvador Mendoza, Jr.

Farron Curry, WSBA #40559
Email: fcurry@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711
Facsimile: 206.292.0460
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHAWN TOMKO, on behalf of himself and similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>ITRON, INC.,<br><br>Defendant. | Case No. 20-CV-00375-SMJ<br><br>JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS CASE WITH PREJUDICE<br><br>**Notice Date:  10/1/2021**<br>**Without Oral Argument** |

Plaintiff Shawn Tomko ("Plaintiff") and Defendant Itron, Inc. ("Itron") (collectively, the "Parties"), by and through their respective undersigned attorneys, hereby submit their joint request for approval of the terms of their agreement to settle Plaintiff's Fair Labor Standards Act ("FLSA") claims and dismissal of this case with prejudice.

I. **PROCEDURAL AND FACTUAL HISTORY**

Itron initially hired Plaintiff on July 31, 2017 as an Implementation Manager.  In this position, Plaintiff was responsible for coordinating the

successful delivery of equipment and installation of Itron products. Itron classified Plaintiff as an exempt employee in his position as an Implementation Manager. Effective December 9, 2019, Plaintiff moved to a non-exempt Senior Field Technician role.

Plaintiff initiated this action on August 6, 2020, in the United States District Court for the Western District of Pennsylvania (W.D. Pa. No. 2:20-cv-1170-WSH). Plaintiff filed an Unopposed Motion to Transfer Venue to this Court, which the district court in Pennsylvania granted on October 9, 2020. In his Complaint, Plaintiff claims that Itron failed to pay him for overtime work as an Implementation Manager in violation of the FLSA and Pennsylvania Minimum Wage Act ("PMWA"). He claims that he regularly worked more than 40-50 hours and up to 60 hours per week as an Implementation Manager. Plaintiff's Complaint ("Compl."), Dkt. No. 1, ¶¶14-16, 26. Itron denies Plaintiff's allegations and contends that 1) it properly classified him as exempt; 2) he was not entitled to overtime pay; and 3) he was fully compensated for all work performed. Defendant's Answer, Dkt. No. 17, ¶¶14-16, 26.

Plaintiff brought this case as a putative FLSA collective action and class action under Pennsylvania state law. The parties stipulated to conditional certification and to the sending of notice to the putative collective action members. Dkt. No. 51. This Court granted the stipulated motion to provide notice. Dkt. No. 53. Per the Parties' agreement, Plaintiff's counsel sent the agreed-upon notice to all 18 putative collective action members. None of those individuals chose to join the action. Accordingly, no FLSA claims or rights of any individuals other than the Plaintiff are at issue in this case, and this is an individual settlement.

JOINT MOTION TO APPROVE SETTLEMENT AND
DISMISS CASE WITH PREJUDICE    - 2

The Parties have agreed to settle Plaintiff's individual FLSA claims. A copy of the settlement agreement is attached hereto as Exhibit A. The settlement of Plaintiff's FLSA claims is a fair and reasonable resolution of the dispute between the Parties and was reached through arms-length negotiations. All Parties have been represented by experienced wage and hour counsel during the negotiation process and the Parties agree, based on the scope of the claims and defenses and the cost of continued litigation, that the settlement represents a fair and reasonable resolution of Plaintiff's claims.

## II. THE COURT SHOULD APPROVE THE PARTIES' SETTLEMENT

### A. The Parties Have Established a Bona Fide Dispute.

A district court may approve an FLSA settlement where the settlement is "a fair and reasonable resolution of a *bona fide* dispute." *See Gentle v. Wal-Mart Associates, Inc.*, No. 2:18-cv-00325-SMJ (E.D. Wash. Jan. 27, 2020), ECF. No. 29 (hereinafter "*Gentle* Order Approving Settlement") at 3 (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). A *bona fide* dispute exists when "the parties genuinely contest 'the existence and extent of' the Defendant's FLSA liability." *Gentle* Order Approving Settlement at 3 (quoting *Ambrosino v. Home Depot U.S.A., Inc.*, No. 11-1319, 2014 U.S. Dist. LEXIS 58809 (S.D. Cal. Apr. 28, 2014)). The court should look to several factors, including "'the nature of the dispute (for example, a disagreement over coverage, exemption, or computation of hours worked or rate of pay);' the employer's 'reasons for disputing the employee's right to a minimum wage or overtime;' and the employee's reasons 'justifying his entitlement to the disputed wages.'" *Gentle* Order Approving Settlement at 3 (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241-42 (M.D. Fla. 2010)). "The parties should also

provide 'an estimate of the number of hours worked and the applicable wage' so as to determine the rough magnitude of the Plaintiff's potential recovery." *Gentle* Order Approving Settlement at 3 (quoting *Dees*, 706 F. Supp. 2d at 1241-42).

As set forth above, Plaintiff's FLSA claims present a *bona fide* dispute between Plaintiff and Itron regarding whether Plaintiff was properly classified as exempt under the FLSA during his time as an Implementation Manager, and, even if he was a non-exempt employee, whether Plaintiff worked the amount of hours alleged in his Complaint. Itron contends that Plaintiff's primary duty as Implementation Manager was to oversee and manage an installation project for a utility company which plainly met the duties requirements of an exempt administrative job. Plaintiff contends that he performed manual delivery and installation work, and not exempt administrative work. Compl. ¶ 21. Therefore, there is a *bona fide* dispute as to whether Plaintiff was entitled to overtime pay. The Parties also dispute the hours Plaintiff claims to have worked. Itron contends that Plaintiff's weekly timesheets submitted by Plaintiff for project management and budgeting purposes show that Plaintiff worked more than 40 hours on only two occasions as an Implementation Manager, in the total amount of 17 overtime hours. Itron contends that it instructed Plaintiff to accurately complete the project time sheets. Plaintiff alleges that the project time sheets were not meant to be accurate records of actual time worked and that he was instructed to record 40 hour each week. Plaintiff alleges that he worked considerably more hours per week on average during his employment as an Implementation Manager than the time sheets show. Plaintiff contends that he is owed over $90,000 in unpaid overtime wages under the time-and-a-half method of calculating overtime compensation. Itron contends that Plaintiff was properly classified as exempt, that it fully compensated him for all hours worked, and that he is owed nothing

JOINT MOTION TO APPROVE SETTLEMENT AND
DISMISS CASE WITH PREJUDICE     - 4

more. Itron further contends that even if Plaintiff were entitled to overtime pay, the time sheets show that he worked only 17 hours of overtime and that his unpaid overtime wages under the FLSA would be a little less than $200 under the fluctuating workweek method of calculating overtime compensation. Accordingly, a *bona fide* dispute exists over the existence and extent of Itron's FLSA liability.

### B. The Settlement is Fair and Reasonable.

In determining whether a settlement is fair and reasonable, Ninth Circuit courts consider the following factors:

> (1) the plaintiff's range of possible recovery; (2) the stage of proceedings and amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of participating plaintiffs; and (6) the possibility of fraud or collusion.

*See Gentle* Order Approving Settlement at 4 (quoting *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1173 (S.D. Cal. 2016)). Here, all relevant factors weigh in favor of approving the Parties' settlement.

#### 1. The settlement amount represents a significant recovery.

In reviewing an FLSA settlement, a court typically evaluates the plaintiff's range of potential recovery "to ensure that the settlement amount agreed to bears some reasonable relationship to the true settlement value of the claims." *Selk*, 159 F. Supp. 3d at 1174. Here, Plaintiff claimed to be owed approximately $90,000 in unpaid overtime wages, plus liquidated damages, if the Court would have resolved all *bona fide* disputes in his favor. As set forth above, Itron contends that Plaintiff faced a strong possibility of no recovery whatsoever. As set forth in the Parties' agreement, Itron agreed to pay Plaintiff $7,500 for all

damages to which he may be entitled under the FLSA. Because of the significant disputes between the Parties, the Parties agree that the settlement amount is a fair and reasonable compromise in connection with the FLSA claims.

       2.    <u>Sufficient discovery has occurred to assess the fairness of the settlement.</u>

Next, courts look to "whether the parties had enough information to make an informed decision about the strength of their cases and the wisdom of settlement." *Rinky Dink Inc. v. Elec. Merchant Systems Inc.*, No. C13-1347-JCC, 2015 WL 11234156, at *5 (W.D. Wash. Dec. 11, 2015); *see also Walsh v. CorePower Yoga LLC*, No. 16-cv-05610-MEJ, 2017 WL 4390168, at *7 (N.D. Cal. Oct. 3, 2017). Completion of discovery is not necessary for approval of a settlement, "as long as discovery allowed the parties to form a clear view of the strengths and weaknesses of their cases." *Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 454 (E.D. Cal. 2013). Here, the Parties have exchanged written discovery requests and responses as well as document productions. The Parties also exchanged numerous settlement communications detailing the factual and legal support for their respective positions. This information combined is more than sufficient for the Parties to have a clear view of the strengths and weaknesses of their liability and damages arguments, and the Parties agree that they do have that clear view.

       3.    <u>The probability of Plaintiff's success on the merits weighs in favor of approving settlement.</u>

The seriousness of the litigation risks weighs in favor of approving the Parties' settlement. While Plaintiff believes his claims against Itron are meritorious, he recognizes Itron may prevail in whole or in part on its defenses

should this matter proceed to trial. As explained above, there is a real possibility that Itron could successfully convince a trier of fact that Plaintiff was properly classified as exempt, and that even if he were not, the amount of overtime he worked is zero to minimal. There is a significant risk that continued litigation might result in lesser or no recovery to Plaintiff. Accordingly, this factor weighs in favor of approving the proposed settlement.

    4. <u>The scope of the release provision in the settlement agreement is reasonable</u>.

The release provision in the Settlement Agreement does not undermine the fairness of the settlement. Here, the Settlement Agreement's release provision is narrow in scope in that specifically releases only Plaintiff's FLSA claim. Accordingly, the scope of the release provision weighs in favor of a finding that the settlement is fair and reasonable.

    5. <u>The Parties' counsel proposing settlement are experienced in FLSA litigation</u>.

In determining whether a settlement is fair and reasonable, "[t]he opinions of counsel should be given considerable weight both because of counsel's familiarity with th[e] litigation and previous experience with [FLSA] cases." *Selk*, 159 F. Supp. 3d at 1177. The Ninth Circuit has held that "[p]arties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009) (citing *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995)); *see also Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 257 (N.D. Cal. 2015) ("Given counsel's experience in [wage and hour litigation], his assertion that the settlement is fair,

JOINT MOTION TO APPROVE SETTLEMENT AND
DISMISS CASE WITH PREJUDICE    - 7

adequate, and reasonable support [sic] final approval of the settlement."). Here, counsel for both Parties are familiar with the litigation and its relative strengths and weaknesses, as described above, and are also experienced wage and hour litigators, and they have determined that the settlement is a fair and reasonable compromise. As such, this factor weighs in favor of approval.

      6.    <u>There is no evidence of collusion</u>.

The settlement reached in this case did not involve coercion, collusion, or any undue influence. It was agreed upon voluntarily and after due consideration by both Plaintiff and Itron following exchanges of information and arm's-length negotiations between counsel. The Parties' proposed agreement represents a reasonable compromise of Plaintiff's claims in light of the amounts Plaintiff arguably could have recovered and the various defenses Defendant has raised in opposition to Plaintiff's claims. *See Ikuseghan v. Multicare Health Sys.*, No. C14-5539-BHS, 2016 WL 3976569, at *4 (W.D. Wash. July 25, 2016) (recognizing that "arm's-length negotiations conducted by competent counsel are prima facie evidence of fair settlement"). Therefore, this factor weighs in favor of approving the settlement.

### III. **CONCLUSION**

This settlement is the product of an arms-length negotiation between the Parties and their counsel, which resolves a *bona fide* dispute over unpaid overtime wages. The settlement is fair, adequate, and reasonable, and it provides Plaintiff with significant monetary relief. Accordingly, the Parties jointly and respectfully request that the Court find the Parties' proposed settlement agreement to be fair and reasonable and enter an Order approving the settlement and dismissing this action with prejudice.

Dated this 1st day of September, 2021.

RESPECTFULLY SUBMITTED:

By: /s/ *Farron Curry*
    Farron Curry, WSBA #40559
    Email: fcurry@schwabe.com
    Stephanie P. Berntsen, Esquire
    Email: sberntsen@schwabe.com
    Schwabe, Williamson & Wyatt, P.C.
    1420 5th Avenue, Suite 3400
    Seattle, WA  98101-4010
    Telephone: 206.622.1711
    Facsimile: 206.292.0460

    Christopher K. Ramsey, Esquire
    Christopher.ramsey@morganlewis.com
    Lauren E. Marzullo, Esquire
    Lauren.marzullo@morganlewis.com
    Morgan, Lewis & Bockius, LLP
    One Oxford Centre, Thirty-Second Floor
    Pittsburgh, PA 15219
    Telephone: (412) 560-3300

    Marissa K. Zalasky, Esquire
    Marissa.zalasky@morganlewis.com
    Morgan, Lewis & Bockius, LLP
    1701 Market Street
    Philadelphia, PA 19103
    Telephone: (215) 963-5000

    Counsel for Defendant Itron, Inc.

JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS CASE WITH PREJUDICE    - 9

/s / *Matthew Z. Crotty*
Matthew Z. Crotty, Esquire
matt@crottyandson.com
Crotty & Son Law Firm, PLLC
905 West Riverside, Suite 404
Spokane, WA 99201-0300
Telephone: 509.850.7011

Jeffrey W. Chivers, Esquire
jwc@chivers.com
Chivers LLP
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Telephone: 718-210-9825

Joseph H. Chivers, Esquire
jchivers@employmentrightsgroup.com
The Employment Rights Group, LLC
First & Market Building, Suite 650
100 First Avenue
Pittsburgh, PA 15222
Telephone: 412-227-0763

Counsel for Plaintiff Shawn Tomko
and all others similarly situated

JOINT MOTION TO APPROVE SETTLEMENT AND
DISMISS CASE WITH PREJUDICE        - 10

# **CERTIFICATE OF SERVICE**

I certify that on September 1, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties, if any, shall be served in accordance with the Federal Rules of Civil Procedure.

CROTTY & SON LAW FIRM, PLLC

By /s/ Matthew Z. Crotty
Matthew Z. Crotty, WSBA 39284
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
Telephone: (509)850-7011
Email: matt@crottyandson.com

CERTIFICATE OF SERVICE - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206-622-1711