FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 17, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHAWN TOMKO, on behalf of himself and similarly situated employees,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ITRON, INC.,<br><br>　　　　　　　　　Defendant. | No.　2:20-cv-00375-SMJ<br><br>**ORDER APPROVING SETTLEMENT** |

Before the Court, without oral argument, is the parties' Joint Motion to Approve Settlement and Dismiss Case with Prejudice, ECF No. 58. The parties ask for judicial approval of a negotiated settlement resolving Plaintiff's claims under the Fair Labor Standards Act ("FLSA"). Having reviewed the motion, the proposed settlement agreement, and the record in this matter, the Court finds the parties have set forth a sufficient factual basis establishing that the proposed settlement is fair and consistent with the FLSA's purposes. The Court therefore approves the settlement and dismisses the case with prejudice.

//

//

ORDER APPROVING SETTLEMENT – 1

## BACKGROUND

Plaintiff Shawn Tomko brought this action against his former employer, Defendant Itron, Inc., to recover damages for Defendant's alleged failure to compensate him for overtime work. *See generally* ECF No. 1. The parties stipulated to conditional certification of a FLSA collective action, which the Court granted. ECF No. 51. The parties provided notice to the eighteen putative collective action members, but none joined this action. ECF No. 58 at 2. Accordingly, the proposed settlement agreement applies to Plaintiff only.

## LEGAL STANDARD

The FLSA is intended to protect workers from "substandard wages and oppressive working hours" by providing a private federal cause of action for employees to recover back wages. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982) (quoting *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728 (1981)). To ensure Congress's purposes in enacting the FLSA are not subverted by the "often great inequalities in bargaining power between employers and employees," the Court must scrutinize a proposed settlement of an employee's FLSA claims for fairness. *Id*. In such cases, the Court's task is to determine if the settlement constitutes a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id.* at 1355.

To do so, the Court must first determine whether a *bona fide* dispute in fact exists—that is, whether the parties genuinely contest "the existence and extent of" the Defendant's FLSA liability. *Ambrosino v. Home Depot U.S.A, Inc.*, No. 11CV1319 L MDD, 2014 WL 1671489, at *1 (S.D. Cal. Apr. 28, 2014). The Court looks to a number of factors, including "the nature of the dispute (for example, a disagreement over coverage, exemption, or computation of hours worked or rate of pay);" the employer's "reasons for disputing the employee's right to a minimum wage or overtime;" and the employee's reasons "justifying his entitlement to the disputed wages." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241–42 (M.D. Fla. 2010). The parties should also provide "an estimate of the number of hours worked and the applicable wage" so as to determine the rough magnitude of the Plaintiff's potential recovery. *Id.*

Once the Court is satisfied that the parties intend to resolve a genuine FLSA dispute, it proceeds to determine if the terms on which they propose to do so are fair and reasonable. *Lynn's Food Stores, Inc.*, 679 F.3d at 1355. "In reviewing a private FLSA settlement, the court's obligation is not to act as caretaker but as gatekeeper; it must ensure that private FLSA settlements are appropriate given the FLSA's purposes and that such settlements do not undermine the Act's purposes." *Goudie v. Cable Commc'ns, Inc.*, No. CV 08-507-AC, 2009 WL 88336, at *1 (D. Or.

Jan. 12, 2009). Courts follow a "totality of the circumstances" approach by which they consider, among other relevant factors,

> (1) [T]he plaintiff's range of possible recovery; (2) the stage of proceedings and amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of participating plaintiffs; and (6) the possibility of fraud or collusion.

*Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1173 (S.D. Cal. Jan. 29, 2016) (collecting cases). Ultimately, the Court may only approve a settlement which has the "overall effect [] to vindicate, rather than frustrate, the purposes of the FLSA." *Id.*

## DISCUSSION

First, the Court is satisfied that the proposed settlement will resolve a *bona fide* FLSA dispute. Plaintiff alleges he was not compensated for overtime worked in his position as Implementation Manager. *See* ECF No. 58 at 2. Plaintiff asserts a total of $90,000.00 in unpaid wages. *Id.* at 4. Defendant contends Plaintiff was properly classified as exempt from overtime pay and that it fully compensated him for all hours worked. *Id.* The Court finds there exists a *bona fide* dispute as to the nature and extent of Defendant's potential FLSA liability which the proposed settlement agreement will resolve. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1355; *Ambrosino*, 2014 WL 1671489 at *1.

ORDER APPROVING SETTLEMENT – 4

The Court is also satisfied that the proposed settlement constitutes a fair and reasonable resolution to those disputed claims. To avoid the considerable time and expense protracted litigation would entail, Defendant agreed to pay Plaintiff a total of $7,500. ECF No. 58 at 5. The Court finds this is a significant recovery for Plaintiff given the possibility that he would not prevail at trial. *Id.* at 6–7. The Court credits the parties' assertion that sufficient discovery has been completed to ensure Plaintiff's decision to accept the proposed settlement was an informed one. *See id.* at 6. And the Court finds no basis in the record for concern about collusion between the parties.

## CONCLUSION

Considering the experience of counsel in litigating FLSA matters and the reasons explained above, the Court finds the proposed settlement agreement, ECF No. 58-1, constitutes a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1352; *see also Gentle v. Wal-Mart Assoc. Inc.*, No. 2:18-cv-00325-SMJ (E.D. Wash Jan 27, 2020), ECF No. 29. Having reviewed the terms of the proposed settlement agreement and the representation of the parties and their counsel, the Court finds the terms of their agreement constitute a fair resolution of those claims, which will vindicate the purposes of the FLSA and promote the ends of judicial efficiency.

Accordingly, **IT IS HEREBY ORDERED**:

1. The parties' Joint Motion to Approve Settlement and Dismiss Case with Prejudice, **ECF No. 58**, is **GRANTED**.

2. The proposed settlement agreement, **ECF No. 58-1**, is **APPROVED**.

3. All Plaintiff's claims are **DISMISSED WITH PREJUDICE,** with all parties to bear their own costs and attorney fees as specified in the proposed settlement agreement, ECF No. 58-1.

4. All pending motions are **DENIED AS MOOT**.

5. All hearings and other deadlines are **STRICKEN**.

6. The Clerk's Office is directed to **ENTER JUDGMENT** and **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 17th day of September 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge